1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9                    **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff/Respondent,<br>      vs.<br>URIEL MENDOZA-MARTINEZ,<br><br>                Defendant/Petitioner. | CASE NO. 14cr2590WQH<br>CASE NO. 16cv1546WQH<br><br>ORDER |

HAYES, Judge:

    The matter before the Court is the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner. (ECF No. 28).

    Defendant/Petitioner was charged in a single count Information with illegal reentry in violation of 18 U.S.C. §1326(a) and (b). (ECF No. 9).

    On September 25, 2014, Defendant/Petitioner entered a plea of guilty to the Information pursuant to a Plea Agreement. (ECF No. 15). In the Plea Agreement, Defendant/Petitioner admitted, in relevant part, that on or about July 19, 2013 he "suffered a felony conviction for Inflict Corporal Injury to Spouse/Cohabitant, in violation of California Penal Code, Section 273.5(E), in the Superior Court of California, County of Riverside" and that he was lawfully removed from the United States on January 21, 2014. *Id*. at 3. The Plea Agreement further stated:

> In exchange for the Government's concessions in the plea agreement, defendant waives to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except

>     a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range (pursuant to USSG § 5G1.1) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed.

(ECF No. 15 at 11). Defendant signed the plea agreement, and initialed the page including the waiver of appeal provision. Defendant certified that he had read the plea agreement and fully discussed the agreement with his counsel. Defendant affirmed that he was satisfied with his counsel.

On January 5, 2015, the Court held a sentencing hearing. As set forth in the Presentence Report, the Court applied the 16-level upward adjustment pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) which states, "if the defendant was deported . . . after – a conviction for a felony that is . . . a crime of violence." The Court concluded that the conviction for Inflict Corporal Injury to Spouse/Cohabitant, in violation of California Penal Code, Section 273.5(E), in the Superior Court of California, County of Riverside constituted a felony crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii).[1] The Government recommended and the Court found the total offense level was 17, the criminal history category was IV, and the guideline range was 37-46 months, after the fast track departure. The Government recommended a sentence of 37 months. The Court imposed a term of imprisonment of 46 months. (ECF No. 26). Defendant did not appeal his sentence or file any petition under 28 U.S.C. § 2255 within the one-year period set out in the 18 U.S.C. §2255(f).

## CONTENTIONS OF THE PARTIES

Defendant/Petitioner moves the Court to vacate his sentence on the grounds that

---

[1] Under U.S.S.G. § 2L1.2(b)(1)(A)(ii), "'Crime of violence' means any of the following offenses under federal, state, or local law: Murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is not given or is not legally valid, such as where consent to the conduct is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, **or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another**." U.S.S.G. 2L1.2 Application Note 1(B)(iii). (emphasis added). The language referred to as the "elements clause" appears in bold.

1  the 16-level upward enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) is
2  unconstitutional based upon the decision of the United States Supreme Court in *Johnson*
3  *v. United States*, 135 S. Ct. 2551 (2015). Plaintiff United States of America contends
4  that the motion to vacate sentence should be denied on the grounds that *Johnson* has no
5  application to this case, any claim in the petition other than a claim based upon *Johnson*
6  is time barred, and Defendant/Petitioner has waived his right to challenge his sentence.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. §2255.

## RULING OF THE COURT

In this case, the record conclusively shows that the Defendant has waived his right to bring a § 2255 motion. In exchange for the Government's concessions in the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and any lawful restitution order, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, unless the Court imposes a custodial sentence above the high end of the guideline range (pursuant to USSG § 5G1.1) recommended by the Government pursuant to this agreement at the time of sentencing. If the custodial sentence is greater than the high end of that range, defendant may appeal, but the Government will be free to support on appeal the sentence actually imposed." (ECF No. 15 at 11). This waiver is clear, express, and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its

face and the waiver was knowing and voluntary. *United States v. Bibler*, 495 F.3d 621, 623-24 (9th Cir. 2007). Defendant/Petitioner makes no claim that the plea agreement was not knowing or voluntary.

At the time of sentencing, the Government recommended an adjusted offense level of 17 and a resulting guideline range of 37-46 months. (ECF No. 20). The Government recommended a sentence of 37 months. (ECF No. 26). The Court imposed a sentence of 46 months. (ECF No. 26). The sentence imposed was within the guideline range recommended by the Government pursuant to the Plea Agreement at the time of sentencing. Pursuant to the terms of the plea agreement, the Defendant waived his right to appeal or to collaterally attack his conviction in this case. Even without the waiver, the motion under 28 U.S.C. § 2255 is barred by the "1-year period of limitation" provided in 28 U.S.C. § 2255(f).

Finally, the Defendant/Petitioner presents no exception to the waiver in the plea agreement or any grounds for relief under Section 2255 based upon *Johnson*.[2] On June 26, 2015, the United States Supreme Court determined that the section of the Armed Career Criminal Act ("ACCA") known as the "residual clause" was void for vagueness in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The ACCA residual clause provided enhanced penalties for a defendant with a "violent felony," that is, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii).[3] The Supreme Court in *Johnson* limited the application of its holding to the residual clause of the ACCA. *Johnson*, 135 S. Ct. at

---

[2] The Supreme Court subsequently determined that *Johnson* stated a "new substantive rule that has retroactive effect in cases on collateral review." *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

[3] The ACCA defines "violent felony" as follows: "any crime punishable by imprisonment for a term exceeding one year ... that—(I) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**." § 924(e)(2)(B). (emphasis added). The language referred to as the "residual clause" appears in bold.

2563. ("Today's decision does not call into question application of the Act to . . . the remainder of the Act's definition.").

Defendant/Petitioner was not sentenced under 18 U.S.C. § 924 or under any provision similar to the residual clause of 18 U.S.C. § 924(e)(2)(B)(ii). The sentence challenged by the Defendant/Petitioner was based upon the conclusion that the Defendant/Petitioner had sustained a prior conviction for a "crime of violence" which "has as an element the use, or attempted use, or threatened use of physical force against the person of another" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), not the residual clause language "or otherwise involves conduct that presents a serious potential risk of physical injury to another" in § 924(e)(2)(B)(ii) found unconstitutionally vague in *Johnson*.

Clearly established authority in the Ninth Circuit holds that California Penal Code § 273.5 is a categorical crime of violence under the elements clause of 18 U.S.C. § 16(a) which applies to "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 16(a).[4] In *Banuelos-Ayon v. Holder*, 611 F.3d 1080 (9th Cir. 2010), the Court of Appeals held that "§ 273.5(a) requires that 'corporal injury results from a direct application of force on the victim by the defendant.'" *Id.* at 1085 (citing *People v. Jackson*, 91 Cal. Rptr. 2d 805, 810 (2000)). *See also United States v. Lauricio-Yeno*, 590 F.3d 818, 822 (9th Cir. 2010) ("§273.5's text does not apply to conduct outside the term 'crime of violence' as defined in the Guidelines. To the contrary, it fits squarely within the term by requiring the deliberate use of force that injures another") *and United States v. Ayala-Nicanor*, 659 F.3d 744, 752 (9th Cir. 2011) ("[N]othing in *Johnson* [130 S. Ct. 1265 (2010)] undermines the validity of *Lauricio-Yeno*, a conclusion we already

---

[4] This language is identical to the language "or any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another" in U.S.S.G. 2L1.2 Application Note 1(B)(iii) applied to the Defendant/Petitioner in this case.

reached in *Banuelos-Ayon*, and we reaffirm today."). This Court concludes that no portion of the decision of the Supreme Court in *Johnson* calls into question the elements clause of the definition of "crime of violence" pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) or the legality of the sentence imposed in this case. Any claim outside the *Johnson* claim is waived by the plea agreement, time-barred by 28 U.S.C. 2255(f), as well as procedurally defaulted.

IT IS HEREBY ORDERED that the motion under 28 U.S.C. § 2255 filed by Defendant/Petitioner (ECF No. 28) is denied.

DATED:  October 26, 2016

**WILLIAM Q. HAYES**
United States District Judge